ILLINOIS CENTRAL RAILROAD CO. *v.* H. K. BOEHMS.

'70   11,
71   246

70   11
83   735
70   11
185   286

PEREMPTORY INSTRUCTION. *When refused.* *Evidence to warrant verdict.*

> Where the evidence is sufficient to warrant a verdict for the plaintiff in any view of it which may be legally taken, it is proper to refuse a peremptory instruction to find for the defendant, and a verdict for the plaintiff will be sustained.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Action by appellee against the Illinois Central Railroad Co. for false imprisonment. Plea not guilty. On the trial it was shown that the plaintiff, while in the waiting-room of the defendant at the passenger-depot in Jackson, was arrested, without warrant, by a police officer of the city, and was taken to the jail or lock-up, where, after being searched, he was

confined all night, being taken the next morning before the police court, when he was promptly released, no one appearing to prosecute or even to prefer a charge against him. When the arrest was made, L. F. Montgomery, the depotmaster of defendant at Jackson, was present, and he also went with the parties to the jail, and was present when plaintiff was searched. Some of the circumstances in evidence tended to show that he was instrumental in making the arrest, but he testified positively that he was not, and that the policeman made the arrest at the instance of one O'Brien, who was in the waiting-room, having bought a ticket for passage to New Orleans, and who claimed that the plaintiff was attempting to rob him. When the officer went in to make the arrest, he took hold of another person, when Montgomery pointed out plaintiff as the man O'Brien wished to have arrested, whereupon plaintiff was arrested. It was shown that Montgomery extended O'Brien's ticket, in order that he might remain over and prosecute plaintiff. But O'Brien, who was a stranger, and who it seems was drinking and irresponsible, failed to prosecute. The next morning Montgomery appeared at the police court with the attorney of the railroad, who stated that the company had no charge to make. Montgomery testified that he went to the jail merely from curiosity; that he had no business at the police court, and stopped there, as he had been in the habit of doing at times, when he went up town the next morning. There was no positive or direct evidence that he caused the arrest to be made.

Defendant asked the court to instruct the jury to find a verdict in its behalf. This was refused, and the jury found for plaintiff in the sum of $250, and judgment was entered accordingly, from which this appeal was prosecuted. No motion for a new trial was made, but the defendant excepted to the action of the court in refusing to grant the peremptory instruction, and all the testimony was embodied in a bill of exceptions. The only error assigned is the refusal of the

court below to give the peremptory instruction to find for defendant.

*Mayes & Harris*, for appellant.

1. In the law of contracts an agent binds his principal when acting within the *apparent* scope of his authority, but the rule is different in *tort*. In such cases the principle, *respondeat superior*, can never apply unless the servant in the specific instance was acting *under* the master's employment, although in a manner not authorized. *McManus* v. *Crickett*, 1 East, 106, cited in Story on Agency, 474; *Joel.*v. *Morrison*, 6 Car. & P., 631; *Lamb* v. *Polk,* 9 *Ib.*, 631; *Mitchell* v. *Crossweller*, 76 Eng. Com. L. R., 237; *Storey* v. *Ashton,* L. R., 4 Q. B., 476; *Patton* v. *Rea*, 89 Eng. Com. L. R., 606; 19 Ohio, 110; 26 Pa., 482; 5 Gilman, 425; *McCoy* v. *McKowan*, 26 Mass., 487; *R. R. Co.* v. *Harrison*, 48 *Ib.*, 112.

Here there is no question of a passenger relation between plaintiff and the railroad company. Hence, the distinction made in the case of *Railroad Co.* v. *Albritton*, 38 Miss., 242, does not militate against our position.

The declaration alleges that what Montgomery did he did *qua* agent, but the proof wholly fails to show this. It was wholly inadequate to take the case to the jury.

2. The evidence fails to show any connection of Montgomery with the arrest which would impose on him even a personal liability, and hence there can be no liability on the company.

3. In informing the officer that he was about to arrest the wrong person, and in pointing out plaintiff as the man O'Brien wished to have arrested, Montgomery did right. Both as agent and as a citizen it was his duty to correct a mistake of that kind. *Gosden* v. *Elphinck*, 4 Exch., 445.

*Brame & Alexander*, for appellee,

Filed a lengthy brief discussing the facts, and contending that the verdict was supported; that, in any view of the

case, there was evidence tending to show liability on the part of the defendant, and therefore it was proper to refuse the peremptory instruction.

Argued orally by *J. B. Harris*, for appellant, and *C. H. Alexander*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The question in this appeal is not, as stated by counsel for the appellee, " whether there is any evidence showing, or *tending to show*," liability of the defendant; but the question is, whether the evidence is sufficient to warrant a verdict for the plaintiff in any view of it which might be legally taken; and, trying it by this test, we think the peremptory instruction asked by the defendant was rightly refused.

*Affirmed.*