G. W. HOLMES *v.* J. SIMON & CO.

1. PEREMPTORY INSTRUCTION.    *When improper.    Question of fact.*

    When the evidence is sufficient to warrant a verdict for a party in any
    view of it which may be legally taken, a peremptory instruction in
    favor of his opponent should not be given. *Railroad Co.* v. *Boehms,* 70
    Miss., 11.

2. SAME.    *Supreme court.    Effect of verdict.*

    It is only where a particular verdict, if rendered, could not be permitted
    to stand that the court may anticipate the proper result, and perempto-
    rily instruct the jury.    That the judges of this court would have found
    the facts otherwise, is not decisive of the propriety of disturbing a ver-
    dict found without any error of the court.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

Appellees, J. Simon & Co., sued out an attachment against
T. C. Garrott, and caused the same to be levied on a stock of
merchandise and on certain mules, horses and other personal
property, which Garrott had transferred to G. W. Holmes.
The latter interposed his claim, and gave bond for the prop-
erty.    The main ground of attachment is that Garrott had
assigned or disposed of the property to Holmes with intent
to defraud his creditors.    The issue as to this, arising on the
plea in abatement by the defendant, was tried and found for
the plaintiffs, and the case as now presented by the record
arises out of trial of the claimant's issue, and presents the
single question, whether, under the evidence, the transfer
from Garrott to Holmes should be set aside as fraudulent as
to the creditors of the former.    The trial resulted in a per-
emptory instruction for the plaintiffs, and claimant appeals.

The testimony submitted in behalf of both plaintiffs and
claimant is voluminous, and is largely conflicting, and, in the
view taken by the court, is unimportant, except as having

elicited the announcement of a rule for determining when a peremptory instruction may properly be given.

*S. R. Coleman*, for appellant.

It was error to give the peremptory instruction. The question as to the *bona fides* of the sale should have been submitted for determination by the jury.

*Southworth & Stevens*, on the same side.

*B. G. Humphreys* and *Rush & Gardner*, for appellees.

A careful review of the evidence will show that the action of the court below should be approved. A verdict for the claimant in that court would not have been permitted to stand, and it was therefore proper to grant a peremptory instruction. 62 Miss., 534; 70 *Ib.*, 340.

CAMPBELL, C. J., delivered the opinion of the court.

The peremptory instruction should not have been given. When "the evidence is sufficient to warrant a verdict for the plaintiff (or other party) in any view of it which might be legally taken," a peremptory instruction to find for the other party cannot properly be given. *Railroad Co.* v. *Boehms*, 70 Miss., 11. It will not do for the judge to take the case from the jury and decide it himself, simply because he thinks it should be decided that way. It is only where a verdict could not be permitted to stand, if rendered, that the judge may rightly anticipate the result, and peremptorily instruct the jury.

In this case, it is by no means clear that a verdict for the claimant might not be permitted to stand. The fact that the judges, if jurors, might find for the plaintiff, is not decisive of the propriety of disturbing a verdict found without any error of the court in the trial. We not unfrequently refuse to set aside verdicts we would not have given. Such is our system, and it must be upheld in the manner stated.

*Reversed, and remanded for a new trial.*