82　656
87　355

## YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* FRANK P. SMITH.

1. DAMAGES. *Verdicts. Whims of jurors. Instruction.*

   Verdicts should be based on the facts of the case, not upon the whims or wishes, likes or dislikes, of the jurors; and an instruction authorizing the jury, if they find for plaintiff, to award such damages "as the jury shall see fit to assess" is erroneous.

2. SAME. *Instructions construed together.*

   An instruction limiting the jury, if they find for plaintiff, in assessing damages to a consideration of the instructions given for the plaintiff, ignoring an instruction on the subject given for the defendant, is erroneous, since all the instructions on the subject should be considered and construed together.

3. SAME. *Punitive damages.*

   It is not error to refuse plaintiff an instruction authorizing the jury to award punitive damages when such damages would not be justified under any view of the facts of the case.

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

Smith, appellee and cross-appellant, was plaintiff in the court below; the railroad company, appellant and cross-appellee, was

defendant there.  From a judgment for $250 in plaintiff's favor the defendant appealed to the supreme court, and the plaintiff prosecuted a cross-appeal.  A statement of the facts is unnecessary to an understanding of the opinion.

*Mayes & Longstreet* and *J. M. Dickinson,* for appellant and cross-appellee.

There is an instruction given for the defendant informing the jury that they should not find exemplary damages, yet plaintiff's instruction does not tell the jury that they may consider any of the instructions of the defendant, but informs them that they may find such damages as "they shall see fit" to assess under the instructions given for the plaintiff.

This instruction restricted the jury to the instructions given for plaintiff in order to ascertain the rule and measure of damages, and it warranted them, erroneously, in disregarding all the instructions for the defendant.

The action of the lower court in holding that the case was not one which would warrant punitive damages, was manifestly correct.  There was no insult, oppression, no wanton conduct of any sort on the part of the conductor toward the passenger.

Passengers are bound to take notice of reasonable rules and regulations of the railroad company, and employes of the company are constrained to operate their trains in accordance with these rules.

*Henry & Barbour,* for appellee and cross-appellant.

The law is well settled that where by negligence of the common carrier a passenger is carried past his station, and a walk is necessitated, that the act of the carrier is the proximate cause of the resulting damage, provided the passenger has acted prudently in undertaking such a walk, and it is, except in unusual cases, a question for the jury, with proper instructions, to decide.  *Mask* v. *Railroad Co.,* 64 Miss., 744; *Higgins* v. *Railroad Co.,* 64 Miss., 80; *Railroad Co.* v. *Aden,* 77 Miss., 386.

The only ground upon which we urge a reversal on cross-appeal is the giving of the first instruction for the defendant, and the refusal of the seventh instruction asked by the plaintiff. By these instructions the question of punitive damages was not permitted to go to the jury.   This was error, we admit.

In this case there is not shown any momentary forgetfulness, or any mere carelessness or inattention caused by rush of passengers, or attention to other duties, as was shown in the *Scurr Case,* 59 Miss.   Nor is there in this case, as will be found in the Scurr case and the *Thompson Case,* 50 Miss., any courteous conduct on the part of the conductor.   Nor do we find here any "chapter of accidents," as the learned counsel for appellant styled the occurrences in *Railroad Co.* v. *Faust,* 32 So. Rep., 9. In this case it affirmatively appears that the conductor performed no single one of his duties to his passenger on the night in question.

TRULY, J., delivered the opinion of the court.

The first instruction for plaintiff is fatally erroneous.   By it the jury was told that, if they believed the facts therein stated, "then the defendant is liable to plaintiff in damages in such sum as the jury shall see fit to assess under the instructions of the court as herein given for plaintiff."   This is not the law. Verdicts must be based upon the facts of the case, not upon the whims or wishes, the likes or dislikes, of the members of the jury.   A verdict should be, not what the "jury sees fit to assess," but according to the very rights of the parties as shown by the evidence.   A further vice in this instruction is that it restricts the jury in their assessing of damages to a consideration of the instructions "given for the plaintiff."   This is error in any state of case, but particularly where, as in this case, the instructions for plaintiff fail to cover the question of nominal damages, upon which the third instruction for the defendant is based.   The instructions for plaintiff and defendant should always be construed together, and, when so considered,

should correctly announce the law, and constitute one harmonious whole.

The refusal of seventh instruction for plaintiff was correct. The facts disclosed in no view authorized the infliction of punitive damages.

*The case is affirmed on cross-appeal, and on direct appeal reversed and remanded.*