DE WITT GORDON v. STATE OF MISSISSIPPI.

[49 South. 609.]

CRIMINAL LAW AND PROCEDURE.   *Instruction.*

An instruction in a criminal case is erroneous which either:
(*a*) Is upon the weight of evidence; or
(*b*) Selects and magnifies fragmentary parts of the evidence; or
(*c*) Assumes to state the facts on which the state's theory of the case is based, but does not state all of them; or
(*d*) Authorizes conviction on mere belief, ignoring reasonable doubts; or
(*e*) Fails to limit the jury to a consideration of the evidence in reaching a conclusion.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

Gordon, appellant, was indicted and tried for the murder of one Code Williams, was convicted of manslaughter and appealed to the supreme court.

The testimony was conflicting. The state's theory of the facts was that the deceased, being under the influence of intoxicating liquor entered upon defendant's farm and raised a disturbance among his tenants, but was departing from the premises quietly, and making no demonstration whatever at the time he was shot and killed by defendant.

The theory of the defense was that the deceased was ordered by defendant to leave the premises while he was disturbing the tenants; that upon being so ordered he drew a pistol and at-

tempted to kill defendant and that defendant shot and killed him to protect his own life.

The state asked and obtained an instruction (No. 5.) in these words:—

"The court instructs the jury, for the state, that although they may believe that Williams went upon Gordon's place uninvited, and created a disturbance and knocked a negro woman down, and in doing so was a trespasser on Gordon's place, yet if they believe, further, that the disturbance was all over, and Williams was going home peaceably and had abandoned the disturbance, Gordon had no right to shoot him because of the previous disturbance, and if Gordon willfully of his malice aforethought shot Williams and killed him at a time when the disturbance was over, and when Williams was going home, and doing nothing at that moment to Gordon or his property, but just shot him because he had come on his place and knocked down a negro woman and otherwise raised a disturbance, Gordon is guilty of murder, and the jury should so find."

*Price & Whitfield* and *Clem V. Ratcliff,* for appellants.

Instruction No. 5 tells the jury that all that is necessary is to believe certain things to sustain a verdict of guilty as charged. Not by a preponderance of evidence, not beyond all reasonable doubt, not to a moral certainty, but simply believe certain facts—simply believe—not from the evidence, nor beyond all reasonable doubt—not from the evidence even, "but if they believe the disturbance was over." "If they believe Williams had abandoned the disturbance and was going peaceably home." Only believe that at the crucial moment, that Williams was "doing nothing to Gordon," leaving out of view that he may have been preparing to execute his threat. From our viewpoint, no man has ever been tried in Mississippi who was more certainly robbed of his legal rights by instructions and the use of them on the trial than was Gordon.

There can be no question when the whole case is reviewed

but that instruction No. 5 accounts for the quick Saturday night verdict of manslaughter. The defendant was required by the instruction to show to the satisfaction of the jury by the preponderance of the evidence that the killing was in absolute self-defense, emasculating all the evidence for the defendant and modifying his instructions. *Hawthorn v. State,* 58 Miss. 789; *Murphy v. State,* 89 Miss. 830, 42 South. 877; *Fore v. State,* 75 Miss. 727, 23 South. 710; *Suttle v. State,* 88 Miss. 177, 40 South. 552; *Yarborough v. State,* 70 Miss. 593, 12 South. 551; *Sanders v. State,* 73 Miss. 444, 18 South. 541; *Hoff v. State,* 83 Miss. 488, 35 South. 950; *Reddick v. State,* 72 Miss. 1008, 16 South. 490.

*George Butler,* assistant attorney-general, for appellee.

It is insisted that instruction No. 5 for the state is fatally erroneous. For the purposes of this case the court might have instructed the jury that it was a proven fact that Williams had created a disturbance and knocked down a woman and was a trespasser on Gordon's place, but that disturbance was all over, and Williams was going peaceably home and had abandoned the disturbance, for the testimony for both the defendant and the state establish this fact and the effect of the fifth instruction is to simply say to the jury that, if you believe these facts, Gordon had no right to shoot the deceased because of the previous disturbance, and it is not contended by counsel that Gordon did have a right to shoot him because of this previous disturbance. Certain it is that if Gordon wilfully and of his malice aforethought killed Williams at a time when the disturbance was over and when Williams was going home or doing nothing to Gordon or his property that Gordon was guilty of murder and it will be seen by looking at the instructions as a whole that its only effect is to announce to the jury that the fact that deceased had created a disturbance would not justify the killing and that if appellant killed deceased because of the disturbance and not in defense of his person or property then he is guilty of murder.

WHITFIELD, C. J., delivered the opinion of the court.

The fifth instruction for the state is fatally erroneous. It is a charge upon the weight of evidence. It selects and magnifies certain fragmentary portions of the evidence. It attempts to put the facts constituting the theory of the state. but fails to put them all, and it charges the jury that they may find the defendant guilty if they believe so and so—does not state that they should believe beyond a reasonable doubt, but that particular defect is cured by the instructions for the defendant. But, worse than this, it charges that they may find the defendant guilty if they simply believe so and so. They are not required to believe from the evidence. It is impossible to affirm this case, which is an exceedingly close one on its facts, in the face of an instruction so grossly erroneous.

*Reversed and remanded.*