WALTERS *et al. v.* STATE.

(Division B. Nov. 9, 1936.)

[170 So. 539. No. 32381.]

**Jeff Collins**, of Laurel, for appellants.

**Webb M. Mize,** Assistant Attorney-General, for the state.

Argued orally by **Jeff Collins**, for appellant, and by **Webb M. Mize**, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were tried and convicted of petty larceny, the theft of a yearling belonging to W. J. Pack; were sentenced to pay a fine of forty-five dollars each and to serve sixty days in jail, the jail sentence to be suspended upon good behavior; and from that sentence this appeal is prosecuted.

The evidence on behalf of the state was circumstantial, and it is earnestly insisted that such evidence

is not sufficient to authorize a conviction. We have carefully considered the evidence and think it is sufficient, if the facts shown in the testimony are true, to sustain a conviction. We will not set out these facts, because the case must be reversed for another reason.

The court, for the state, gave the following instruction: ''The court charges the jury that you do not have to know that the defendants are guilty before you are warranted in returning a verdict of guilty, it is enough to justify you in returning a verdict of guilty in this case if you believe the defendants to be guilty beyond all reasonable and to the exclusion of all other reasonable hypothesis of the defendants innocence.''

It will be noted that the instruction does not require the jury to believe from the evidence, and that it omits the word ''doubt'' after the word ''reasonable,'' and it will also be noted that it says ''to the exclusion of all other reasonable hypothesis of the defendants innocence.''

It has been held in a number of cases that it was error for the court to give an instruction that did not require the jury to ''believe from the evidence,'' and that it was error to leave out these words. See Butler v. State, 83 Miss. 437, 35 So. 569, and Godwin v. State, 73 Miss. 873, 19 So. 712.

The instruction undertook to state what is enough to sustain a conviction, and, standing alone in purporting to tell the jury what is sufficient, it is not cured by any other instruction. Thus standing alone, it is important that the instruction should be technically correct, and it is necessary that it enumerates all essentials, and that the jury must so believe from the evidence in the case.

For the error in giving this instruction, the judgment of the court below must be reversed and the cause remanded for a new trial.

Reversed and remanded.