· HURST *v.* STATE.

(In Banc.  Sept. 25, 1944.)

[18 So. (2d) 923.  No. 35531.]

B. H. Loving, of West Point, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

Alexander, J., delivered the opinion of the court.

Appellant was convicted of grand larceny. We notice only one assigned error. The following instruction for the state was the only one given in the case: "The Court charges the jury for the State if you believe by the evidence beyond all reasonable that the defendant did feloniously take, steal and carry away 3 fishing net, the personal property of Claude Walters and the value of more than $25.00 in good and lawful money of the United States, as set out and charged in the indictment, then you will find the defendant guilty as charged." It is contended that omission of the word "doubt" was fatal error. In spite of the concessions of the learned Attorney General that this is so, we deem it appropriate to justify such admission.

In Walters v. State, 176 Miss. 790, 170 So. 539, the giving of the following instruction was held reversible error. "The court charges the jury that you do not have to know that the defendants are guilty before you are warranted in returning a verdict of guilty, it is enough to justify you in returning a verdict of guilty in this case if you believe the defendants to be guilty beyond all reasonable and to the exclusion of all other reasonable hy-

pothesis of the defendants innocence.'' In reviewing the instruction the Court said: ''The instruction undertook to state what is enough to sustain a conviction, and, standing alone in purporting to tell the jury what is sufficient, it is not cured by any other instruction. Thus standing alone, it is important that the instruction should be technically correct, and it is necessary that it enumerates all essentials, and that the jury must so believe from the evidence in the case.''

It is true that while two essentials were omitted, reversal was based upon omission of the phrase ''from the evidence.'' This omission was later the basis for reversal of Imbraguglio v. State, 196 Miss. 515, 18 So. (2d) 294. In view of the fact that trial jurors are sworn to try all cases ''according to the evidence'' (Code 1942, Sec. 1793), an assumption that this omission was harmless would seem to be more plausible than the requirement of belief beyond reasonable doubt. The one states the source and the other the strength of the belief. The phrase may be technical, it may defy exact definition, but it is too well ingrained in our criminal procedure to ignore. The exact point was resolved in support of appellant's position in Lawson v. State, 151 Ala. 95, 44 So. 50.

Arguments which scoff at the rigors of these technical formularies may not be inapproriate in cases where they are supplied by other instructions, or where the evidence of guilt is, unlike here, beyond all cavil. Here the instruction stands alone and purports to furnish the sole guide and standard.

Reversed and remanded.

DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

The judgment of the court below should be affirmed.

Based on my long experience and observation of jury trials as a member of the bar, as a circuit judge, and as a

member of the Supreme Court, I can say, with confidence, that it is not within the realm of probability that the omission of the word "doubt" in this instruction had any effect whatever on the jury when it was considering the evidence and determining whether or not its verdict should be guilty or not guilty, and therefore the omission thereof from the instruction, though error, was harmless.

The reasonable doubt instruction in criminal cases is merely one of several cautionary instructions which courts began to give in the early 1800's, all to the effect that a juror should not vote to convict a defendant unless he feels sure the evidence discloses his guilt. This is only what any honest juror would do without any direction from the court.

These cautionary instructions sprang from a commendable reaction of the judges to the bloody and barbarous provisions of the criminal law of that day, all of which have long since been removed from the law either by statutes or court decisions. I do not say that these cautionary instructions should not be given, but it is a rare case in which the failure to give them, or to give them correctly, should constitute a ground for setting aside a jury's verdict.