KIRKPATRICK, et al. *v.* LOVE, et al.

Feb. 22, 1954

No. 39102 54 Adv. S. 18 70 So. 2d 321

*Cooper & Harper,* Indianola; *J. Robertshaw,* Greenville, for appellants.

*Stanney Sanders, Neill, Clark & Townsend,* Indianola, for appellees.

HALL, J.

Each of the appellants is the owner of a mechanical cotton picker. They live in the lower part of the delta section of Mississippi. Having completed the harvesting of the cotton crop in their area, which was below normal, they arranged to carry their machines to the upper delta section where the crop was bountiful so that they might use them in commercial picking there. The two machines were loaded on a Chevrolet truck-trailer at

Hollandale and were securely chained to the platform or floor of the trailer. Their driver then proceeded North on Highway 61 to Leland, then East on Highway 82 to Indianola, at which point he turned North on Highway 49-W. In the city limits of Indianola the load came in contact with a traffic light hanging over the highway. The driver pulled to the side of the highway, stopped the truck-trailer, and got out of his cab and looked back at the traffic light. It appeared to be operating properly and he thereupon got back in the cab and proceeded on his journey. A witness who was standing nearby telephoned the chief of police who is the appellee, Love, and Love came to the scene and followed the truck-trailer to a point about eight-tenths of a mile up Highway 49-W where he overtook it and motioned to the driver to pull over and stop. The driver obeyed this command, pulling the truck-trailer onto the shoulder of the highway so that it was completely off the paved portion, twenty feet in width, except that the left rear wheel was still about six inches on the pavement. Love parked his car on the shoulder in front of the truck and came back to the cab of the truck, and while the driver was still in the cab, a conversation occurred between them. According to the driver and a Negro who was riding in the cab with him, Love told the driver that he would have to go back to town and take care of the damage he had done to city property; the driver started to get out of the cab and Love told him that the truck was not entirely off the pavement and ordered him to pull the truck off the pavement; this the driver undertook to do, and because of the slope of the shoulder of the highway and the further slope beyond the shoulder the truck turned over and the two pickers were badly damaged. Love testified that when he stopped the truck and went back to the cab he told the driver "You broke my red light uptown. I will have to carry you back to see about that." Love said then he then saw that the left rear wheel was about six inches on the pavement and told

the driver "I will pull up a little so you can get your wheel off the concrete." He positively denied that he ordered the driver to pull over further.

Two suits were filed against the chief of police and the surety on his official bond, one by Kirkpatrick and one by Stock. By agreement in the lower court these two suits were consolidated for trial with the understanding that if the jury should find for the plaintiff in each case they would return separate verdicts. At the conclusion of all the evidence the trial judge granted to the defendants a peremptory instruction and dismissed the suits, from which action the plaintiffs appeal, contending that there was an issue for determination by the jury on the question whether the chief of police was negligent in ordering the driver to pull over further onto the sloping shoulder of the highway. ██ ▌ We think the contention of appellants is correct and that the trial court erred in peremptorily charging the jury to find for the defendants.

Whether Mr. Love should have foreseen in the exercise of reasonable care that the truck might turn over when pulled further onto the sloping shoulder of the highway, especially in view of the fact that Love was standing on the highway and in a position to see and appreciate the danger of such an occurrence while the driver was in the cab of the truck and not in a position to see, was purely a question for determination by a jury, and whether Love ordered the driver to pull further upon the shoulder of the highway and was negligent in so doing were likewise questions for the jury, and whether such negligence, if any, was a proximate contributing cause to the overturning of the truck and the consequent damage was also a jury question. These principles have been announced in so many of our decisions that the citation of authority to support them is wholly unnecessary. ██▌ In any case where reasonable men might

draw different conclusions from the evidence as to negligence, the question is always for the jury.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.