Long *v.* Magnolia Hotel Company, et al.

No. 39859          April 9, 1956          86 So. 2d 493

*Brunini, Everett, Grantham & Quin,* Vicksburg, for appellant.

*Teller & Biedenharn,* Vicksburg, for appellee, M. T. Reed Construction Company.

*W. J. Vollor,* Vicksburg, for appellee, Magnolia Hotel Company.

KYLE, J.

This case is before us on appeal by Mrs. Amelia Long, plaintiff in the court below, from a judgment of the Circuit Court of Warren County in favor of the Magnolia Hotel Company and M. T. Reed Construction Company, defendants, in an action for damages for the negligent destruction of a cafe building owned by the plaintiff and located on a lot adjoining an 11-story hotel building owned by the Magnolia Hotel Company in the City of Vicksburg, while the defendants were engaged in making repairs to the hotel building.

The record shows that the plaintiff was the owner of a lot and a restaurant building in the City of Vicksburg, fronting on Clay Street and adjacent to the Magnolia Hotel Company building. The lot was 45 feet in width and 75 feet in depth. The restaurant building was a frame structure with brick veneer front and side walls. The building consisted of a basement and one story above the ground. The west wall of the building ran alongside the east wall of the hotel building.

On December 5, 1953, a tornado of great force and violence struck the City of Vicksburg. Many people were killed, and the property damage in the business district and in the residential areas was heavy. Considerable damage was inflicted upon the Hotel Vicksburg and the Long restaurant building. A small part of the outer east wall of the hotel building near the top was blown away, and portions of the brick veneer on the east side of the tenth and eleventh stories were jarred loose by the force

of the wind. One or more windows were left hanging in a precarious position over the east wall of the building, and other damage was done to the concrete coping and other exposed parts of the building. Still greater damage was done to the Long restaurant building. The glass in the front and side windows was broken, and the upper part of the north wall of the building was blown out. The roof of the building was damaged by the wind and a falling block of concrete. The partition wall which separated the dining room from the kitchen was pushed back about two feet.

On December 7 the hotel company contracted with the M. T. Reed Construction Company to make the necessary repairs on the hotel building, which included the removal of the damaged brickwork, window sashes and other facing materials from the tenth and eleventh story sections of the east wall of the building, and the rebuilding of sections of the outer wall. Nothing was done, however, about removing the loose brick overhanging the east wall of the building, until December 10, when W. J. Little, who was acting as advisory city building inspector for the city, instructed the representatives of the hotel company to have the overhanging brick removed from the wall of the building to eliminate the danger to which the public was exposed. The instructions were relayed to M. T. Reed, of the M. T. Reed Construction Company, who proceeded immediately to carry out the instructions. Reed and his foreman and two helpers climed to the top of the hotel building, and with their hands removed as many brick as they could reach. Reed then picked up a piece of 2 x 4 timber five or six feet long and prized loose sections of loose brick and stone that could not be reached by hand, and the brick and other loose materials thus released fell with great force upon the roof of the Long building, inflicting great damage to the building in addition to the damage already done by the tornado.

The plaintiff charged in her declaration that the hotel company and the M. T. Reed Construction Company were grossly negligent in failing to take proper precautions for the protection of the plaintiff's building when they undertook to remove the loose brick overhanging the plaintiff's building, and in failing to exercise reasonable care to prevent injury to the plaintiff's property as a result of the brick being prized loose from the wall of the hotel building and being permitted to fall with such great force on top of the plaintiff's building. The plaintiff also alleged that the defendants thereafter, without her consent or permission, installed over her property a heavy wood and steel elevator or scaffold, which projected directly over and practically covered the entire width of the building, and kept the elevators suspended over the plaintiff's property for 2½ months while the repairs of the hotel building were being made; and that the defendants caused a barricade to be erected across the front of the plaintiff's building which completely blocked the entrance to the building. The plaintiff alleged that, as a result of the wanton negligence of the defendant and the damage done to the plaintiff's building as a result of the defendant's wanton negligence, it had become necessary for her to tear down her building and completely reconstruct the same in conformity with the requirements of the building code of the City of Vicksburg.

The defendants in their answers denied the material allegations of the plaintiff's declaration, and averred that the injuries done to the plaintiff's building were not caused by any negligence on their part but by the forces of nature. The hotel company in its separate answer also averred that if there was any negligence on the part of anyone such negligence could not be chargeable to the hotel company but to the construction company, who was an independent contractor. The hotel company also averred in its answer that the scaffolding

and equipment suspended on the east wall of the hotel building while repairs were being made was placed there with the knowledge and consent and approval of the plaintiff, and that the barricades constructed in front of the plaintiff's building were placed there pursuant to orders of the public authorities and in the interest of public safety.

The case was tried before a jury in the circuit court, and at the conclusion of all of the testimony the court granted a peremptory instruction to the two defendants, and entered a judgment in their favor.

The only point argued by the appellant's attorneys as ground for reversal on this appeal is that the court erred in granting the peremptory instruction requested by the defendants.

██ █ We think that the court erred in granting the peremptory instruction. The question of negligence is one of law for the court only where the facts are such that all reasonable men must draw the same conclusions from them. A case should not be withdrawn from the jury unless the conclusion follows as matter of law that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish. Nelson v. New Orleans & N.E. R. Co., 100 F. 731, 40 C.C.A. 477. ██ █ If more than one reasonable inference can be drawn from the facts, the question of negligence is for the jury. Sunflower Compress Co. v. Clark, 145 So. 617, 165 Miss. 219, 145 So. 617.

██ █ The rule is well settled that, "A landowner who, himself or by others under his direction or permission, negligently or unskillfully performs an act on his premises which may and does inflict injury on an adjoining owner is liable for the damage so caused. The fact that an adjoining building injured thereby was imperfectly constructed or had been condemned by municipal authority is no defense." 2 C.J.S., p. 38, Adjoining Landowners, par. 45a.

In the case that we have here the hotel company and the contractor owed a duty to Mrs. Long to exercise reasonable care to avoid injury to Mrs. Long's property when they undertook to remove the overhanging brick; and the fact that Mrs. Long's building had already been damaged by the tornado did not affect their liability for additional damage caused by their negligence. Whether they were guilty of negligence under the facts disclosed by the record was a question for the jury.

It is clear from the testimony of the appellees themselves and their witnesses that the overhanging brick, mortar and concrete which had been blown or shaken loose from the wall of the hotel building, high up above the ground, created a hazard to the public and the adjoining property, which it was the duty of the hotel company to take steps to remove promptly. But the work which had to be done was inherently dangerous. It was work from which in the natural course of things injurious consequences must be expected to arise unless means were adopted by which such consequences might be prevented, and it was the duty of the hotel company, as well as Reed, to see that necessary steps were taken to prevent the mischief.

The courts have held that, "A landowner who maintains or permits the existence of something potentially dangerous to adjoining property must take precautions that no injury therefrom befalls his neighbor. Whether or not he is guilty of negligence is a question for the jury. The owner of a wall left standing after a building has been demolished is liable for whatsoever damage is caused to the adjoining owner by his failure to exercise reasonable care to prevent injury from its falling; the falling of the wall, damaging adjoining property, is itself prima facie evidence of negligence on the part of the owner of the wall." 2 C.J.S., p. 36, adjoining Landowners, Sec. 43, and cases cited.

It is true that the damage to the hotel building had been caused by the tornado, and that it was

necessary that prompt action be taken to eliminate the danger that existed as a result of the unsafe condition of the outer wall of the hotel building. But the fact that the dangerous condition had been created as a result of a tornado, and that quick action was required to eliminate the danger, did not relieve the hotel company and its contractor from the duty to exercise due care not to injure unnecessarily the appellant's property.

We think that under the facts disclosed by the record in this case the question whether the defendants were guilty of negligence which proximately caused injury to the plaintiff's property was a question for the jury to decide.

For the reasons stated above the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.

*McGehee, C.J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.