ARNOLD, et al. *v.* REECE, A MINOR, ETC.

No. 40312          January 21, 1957          92 So. 2d 237

*Cunningham & Cunningham*, Booneville, for appellants.

*Donald Franks,* Booneville, for appellees.

ROBERDS, P. J.

About seven thirty o'clock on the night of October 2, 1954, there was a collision between a Ford passenger automobile and a motor truck on U. S. Highway 45 near the Village of Frankstown in Prentiss County, Mississippi. The automobile was traveling south and the truck was traveling north. The automobile was being driven by William Reece, a minor, and the truck by M. C. Saylors, as the servant of J. A. Arnold, the owner of the truck. Both vehicles were damaged by the collision and Reece suffered very serious personal injuries. Reece sued Arnold and Saylors for damages resulting to him from the personal injuries and damages to his automobile. Reece recovered a jury verdict and judgment for the

sum of twenty thousand dollars. Arnold and Saylors appeal. No question is raised as to the amount of the verdict. There were three persons in the automobile, and two persons and between six and seven tons of cotton seed in the truck.

Appellants requested, but were refused, a peremptory instruction. They say the instruction should have been granted. The declaration grounded liability in charges that the truck was insufficiently lighted and that, as the two vehicles approached, the driver of the truck negligently drove it into the west lane of the road, these facts combining to cause the collision. A number of witnesses testified that these were the facts. On the other hand, appellants and some of their witnesses testified that the truck was not driven into the west lane but that Reece drove his automobile into the east lane, thereby causing the accident. However, no witness for appellants testified that the truck was lighted according to the requirements of the law. Some of them said, however, that the absence of certain lights could not have brought about the accident. Witnesses for Reece said the absence of such lights on the truck did contribute to causing the accident. ▆▆ ▆ Whether the absence of lights contributed to bring about the collision, and as to which party drove into the wrong lane of the road, were questions submitted to the jury. Under this record this was properly done. ▆▆ ▆ Ordinarily questions of negligence are for determination by the jury. Section 1455, Miss. Code 1942. Many statements of the rule have been made by this Court. In City of Greenville v. Laury, 172 Miss. 118, 159 So. 121, this Court said: ''In an action of law based on negligence, the question of negligence vel non is for the determination of the jury, unless the doing of the act which caused the injury complained of is not in dispute or conclusively appears from the evidence, and no inference except that of negligence or of no negligence can be justly drawn therefrom, in which event the question is for the determination of the trial judge.''

There is, of course, the related rule that where the verdict is against the great weight of the evidence, this Court may, and in such case should, set aside the verdict and order a new trial. However, that question is not raised here, and would not be sustainable, under the proof, had it been raised. The learned trial judge correctly refused to grant a peremptory to either party.

■■ ■ The trial court granted Reece the following instruction: "The Court charges the jury for the plaintiff that the uncontradicted proof in this case shows that the truck owned by the defendant, J. A. Arnold, and driven by the defendant Saylors was not equipped with clearance lights and side marker lights and reflectors as required by the laws of Mississippi and that such failure to have the truck equipped as provided by law was negligence on the part of the defendants Arnold and Saylors; and if you believe from a preponderance of the proof in this case that such negligence proximately contributed to the collision and injuries of the plaintiff, it is your sworn duty to find for the plaintiff."

Appellants say the granting of this instruction was error. In granting this instruction the learned trial judge evidently concluded that the facts as assumed in the instruction had been established by the testimony. In this we think he was correct. The instruction then correctly stated the legal rule that failure to comply with the statute was negligence. The only question left was whether such negligence contributed to bringing about the wreck. The jury found it did. The record discloses ample evidence to support that finding. The main argument of appellants is that this instruction had the effect of prejudicing the jurors against appellants. Whether that is true or not we, of course, cannot say, but even so, ■■ ■ the established facts could properly be assumed in an instruction. ■■ ■ Competent, relevant facts are not made incompetent because they may produce strong reactions for or against a party to litigation.

Appellants placed upon the stand a witness by the name of Boren. He was a member of the State Highway Patrol. On direct examination he testified that he and another patrolman went to the scene shortly after the accident occurred. He then said: "According to what I seen apparently the right dual of the truck was on the shoulder of the road shortly before the impact or thereabouts. The left dual was some two feet from the center line or more." Counsel for Reece then proceeded to cross-examine Boren. The accident happened Saturday night. Boren said he went to the scene again Monday morning. He said that he then placed a truck similar to that of appellants in the same position he concluded the Arnold truck occupied as he saw it Saturday night. He then concluded that "* * * the left dual of that truck would have been over the center line if they were the correct marks." The witness was then asked if on Monday morning he saw any indications of tracks or skid marks left by a truck on the shoulder of the road at the "point of impact." At this point counsel for the defendants objected to this testimony. The court said "I don't know what happened between that time." There was no positive ruling on the objection. The witness was then asked by counsel for plaintiff if there was anything on the ground on Monday indicating the tracks had been obliterated, or the glass and dirt had been removed. He replied he couldn't say but he did say he saw a large quantity of cotton seed on the shoulder of the road. He then stated that on Monday he saw heavy tracks leading from the point of impact onto the shoulder of the road, and that using these tracks as a guide he, on Monday, endeavored to place a truck at the point of impact of the two vehicles, and if the right dual wheels of the Arnold truck had been off the highway at the place of contact, they would not have lined up with the tracks leading off the shoulder. Defendant objected to this answer and the question which elicited it. His objection is that the con-

ditions on Monday were not the same as they were Saturday night immediately after the wreck. The objection was overruled. He complains of that action on this appeal. We do not think the objection well taken. This witness was on cross-examination and a proper range of latitude should have been, and was, allowed counsel to cross-examine him as long as such inquiry was pertinent to the material facts, without unnecessary repetition. Besides, Boren described the change which had occurred from Saturday night to Monday. In addition to that the important signs were the tracks, and, as we understand the testimony, these tracks existed on both occasions. We cannot see error in this contention.

Able counsel for appellants was limited by the court in his cross-examination of appellee, as hereinafter shown, and he says that was reversible error. The question arises under these circumstances: Reece, the plaintiff, took the stand. In the automobile with him when the accident happened were Jodie Reece, a cousin, and Jimmie Reece, the father of plaintiff. Jodie Reece had resided in Texas for about a year before the trial was had. He did not testify. In the absence of the jury, counsel for appellants asked William Reece if Jodie, shortly before the accident, did not ''beg and plead'' with plaintiff to let him, Jodie, drive, because plaintiff was too drunk to be driving. The witness denied Jodie said that. Plaintiff objected to that cross-examination. The court sustained the objection. Appellants complain of that action. We think the action of the court was proper. In the first place the witness said no such statement was made. No one contradicted that. Jodie Reece was not a witness and was not available to affirm or deny the statement. The circumstances could not be used as a basis for cross-examination of Jodie Reece. In the second place, if the purpose was to establish as a fact that William Reece was drinking, it was incompetent, being merely oral proof of what someone, not a witness, had said. And

in the third place, looking at the situation before us as a completed trial, the question of whether or not William Reece was drinking to the extent that it affected his ability to drive the automobile, was evidently considered by the jurors, who, having returned a verdict for Reece, presumably found that he was not.

We have examined the other questions raised by appellants and find no reversible error.

Affirmed.

*Hall, Lee, Kyle* and *Holmes,* JJ., concur.