MEAUT *v.* LANGLINAIS

No. 41629          February 6, 1961          126 So. 2d 866

*Morse & Morse,* Gulfport; *Watkins & Eager,* Jackson, for appellant.

*Donald W. Cumbest*, Pascagoula; *Walter Nixon*, Biloxi, for appellee.

McELROY, J.

This appeal is from the Circuit Court of Jackson County, Mississippi, involving alleged injuries sustained by Langlinais, the appellee, arising out of an automobile collision involving Mrs. Lucy D. Meaut, the appellant. The appellee obtained a verdict in the amount of $10,000 after the court had peremptorily instructed the jury as to liability.

The collision occurred at 5:15 P. M. on January 4, 1959, at the intersection of U. S. Highway 90 and Lee Street in the City of Biloxi. The U. S. Highway runs east and west. It is a four-lane road, there being two lanes in the north drive for traffic moving west and two lanes in the south drive for traffic moving east. The two drives are separated by an area of neutral ground. Mrs. Meaut was traveling from north to south on Lee

Street and entering U. S. Highway 90. In the appellee's declaration it was alleged that he was at the time of the collision driving west on U. S. 90 in the north drive and north lane. On the morning of the trial he amended by stipulation, taking the position that at the time of the collision, he was driving west in the north drive but in the south lane.

The testimony of the appellant is to the effect that she drove south on Lee Street, and, as she approached the intersection of U. S. Highway 90, she brought her car to a stop, looked down the highway, and the only cars that she saw were far enough back for her to cross the highway. She testified "I was coming down Lee Street, down to the corner and I stopped, and I looked down the beach and to my knowledge the cars were far enough down that I thought I could cross the street without being hit" and she did not see the Langlinais car "until he slammed on brakes." Again she testified "The first time I saw him was when he slammed on brakes and he was coming, see, I was already half across the highway when he came and hit my car." She was asked: "Did he hit your car?", and answered "Yes, he was almost to the neutral ground." She further testified the part of her car that was hit was the front fender and the driver's door where she was sitting, but that she did not know the parts of his car that were hit because she never saw it. The appellant testified both as an adverse witness when called by the appellee, and later for herself, as defendant. Her testimony in both instances was practically the same.

The testimony of the appellee was to the effect that he was coming west on Highway 90 traveling about thirty to thirty-five miles per hour, and, as he started to pass a car, he saw the appellant's car coming from the north and he would have hit it, if he had not swerved to the south across the neutral ground, that she, the appellant, hit him, and he stopped his car beyond the neutral

ground. At the close of the case, the court peremptorily instructed the jury as to liability on behalf of the appellee.

■■ The established rule in Mississippi in determining whether a party is entitled to a directed verdict or a peremptory instruction is that the court must look solely to the testimony on behalf of the party against whom the directed verdict is requested and must take that testimony as absolutely true, along with all reasonable inferences which could be drawn therefrom, favorable to such party. I. C. R. R. Company v. Boehms, 70 Miss. 11, 12 So. 23; A. & V. Ry. Company v. Groome, 97 Miss. 201, 52 So. 703; Gow Company, Inc. v. Hunter, 175 Miss. 896, 168 So. 264; Supreme Instruments Corporation v. Lehr, 190 Miss. 600, 199 So. 294, 1 So. 2d 242; Kirkpatrick, et al. v. Love, et al., 220 Miss. 174, 70 So. 2d 321; Long v. Magnolia Hotel Co., et al., 227 Miss. 625, 86 So. 2d 493; Arnold, et al. v. Reece, a Minor, etc., 229 Miss. 862, 92 So. 2d 237. In the case of Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126, after stating the above-mentioned rule, the Court said: ''Even where the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not necessarily follow that a party is entitled to a directed verdict.''

■■ The negligence of the defendant may be established by evidence, but the question of whether the established negligence of defendant was the proximate cause of the injury is usually one for the jury. A. & V. Ry. Company v. Groome, 97 Miss. 201, 52 So. 703; C. & G. R. Company v. Coleman, 172 Miss. 514, 160 So. 277; Magers v. Okolona, Houston & Calhoun City R. Company, 174 Miss. 860, 165 So. 416; American Creosote Works of Louisiana v. Harp, 215 Miss. 5, 60 So. 2d 514; Toler v. Owens, 231 Miss. 753, 97 So. 2d 728; City of Jackson v. Reed, a Minor, 233 Miss. 280, 102 So. 2d 342; Hardy v. Lambert, C. A. 5, 252 F. 2d 709. ■■

The court should have permitted this case to go to the jury, and should not have granted the peremptory instruction and directed it to find for plaintiff as to liability.

The next question raised by the appellant is that the court erred in granting the instruction as to the measure of damages, stating that the instruction does not require that any of the findings of the elements of damages, or the amount of damages, be "from the evidence"; no requirement in the instruction that the jury find such alleged damages were the direct and proximate cause of the injury; that the instruction contains an allowance to find damages in some particulars where there was no evidence whatsoever to support such damages; and that the instruction assumes many facts.

The necessity of requiring the jury to base its findings on the evidence or make its determinations "from the evidence" is pointed out in Alexander, Miss. Jury Instructions, Sections 58 and 1672, in part, as follows: "Since the belief and ultimate verdict of the jury must be based on the evidence, it is requisite that the instructions so declare. It is not enough that the jury believes a certain fact; their belief or conviction must be formed of testimonial materials." "* * * All instructions should furnish an intelligible and correct guide for the assessment of damages. It is not enough that the jury, if liability is adjudged, may assess such damages 'as the jury shall see fit', for the evident reason that any award must be based upon and warranted by the evidence. It is unsafe to employ the phrase "such sum as they think proper.' * * *"

In the case of Y. & M. V. R. R. Company v. Smith, 82 Miss. 656, 35 So. 168, the Court held: "The first instruction for plaintiff is fatally erroneous. By it the jury was told that, if they believed the facts therein stated, 'then the defendant is liable to plaintiff in damages in such sum as the jury shall see fit to assess under the

instructions of the court as herein given for plaintiff.' This is not the law. Verdicts must be based upon the facts of the case, not upon the whims or wishes, the likes or dislikes, of the members of the jury. A verdict should be, not what the 'jury sees fit to assess,' but according to the very rights of the parties as shown by the evidence." Godwin v. State, 73 Miss. 873, 19 So. 712; Butler v. State, 83 Miss. 437, 35 So. 569; Walters v. State, 176 Miss. 790, 170 So. 539; Gordon v. State, 49 So. 609 (Miss.); M. & A. Freight Lines, Inc. v. Villere, 190 Miss. 848, 1 So. 2d 788; Hatcher v. State, 210 Miss. 661, 50 So. 2d 387.

The general rule as announced in 25 C.J.S., Damages, Section 183, p. 877, is as follows: "Thus the instruction should confine the jury to such damages as are shown by the evidence to have proximately resulted from the act complained of * * *"

Since this case is to be reversed and remanded for another trial, the least the Court can say is that the instruction given plaintiff on the elements of damages is ambigous and misleading.

Reversed and remanded.

*McGehee, C.J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.