193 So.2d 717 (1967)
J.W. SHAW
v.
Jimmy PHILLIPS, Jr.
No. 44183.
Supreme Court of Mississippi.
January 3, 1967.
W.W. Brown, George M. Swindoll, Calhoun City, for appellant.
K. Hayes Callicutt, Satterfield, Shell, Williams & Buford, Jackson, for appellee.
INZER, Justice.
Appellant, J.W. Shaw, sued appellee, Jimmy Phillips, Jr., in the Circuit Court of Webster County seeking to recover damages for personal injury and property loss resulting from an automobile collision. The trial court peremptorily instructed the jury to find for Phillips and dismissed the suit. From this judgment Shaw appeals. We reverse and remand.
The law is clear and firmly established as to the duty of the court in determining whether a peremptory instruction or a directed verdict should be granted. In Dehmer v. Hederman, 252 Miss. 839, 844, *718 173 So.2d 924, 925, 175 So.2d 136 (1965), we said:
It is uniformly held that in determining whether a peremptory instruction should be given the court must look solely to the testimony on behalf of the party against whom the peremptory instruction is requested, and must take that testimony as true along with all reasonable inferences which could be drawn therefrom. And even when the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not follow that a directed verdict should be granted. See Meaut v. Langlinais, 240 Miss. 242, 126 So.2d 866 (1961).
The evidence in this case establishes that a collision occurred about 5:00 p.m. on December 21, 1961, between a Chevrolet car owned and driven by Shaw and a 1961 Buick owned and driven by Phillips. The point of collision was about three and a half miles north of the City of Eupora on Highway No. 9 where a local road intersects the highway. Shaw was traveling west on the local road on his way to Eupora. When he reached the intersection, he stopped and looked in both directions and did not see any traffic approaching. He intended to turn south on the highway and proceed to his destination. After looking he proceeded into the intersection. Upon reaching the west lane of the highway he turned south at which time his vehicle was struck on the left side by the car driven by Phillips. Shaw testified that the Buick driven by Phillips skidded for a distance of about 112 feet before it struck his car. At the time of the collision Shaw was in his proper lane of the highway. The diagram prepared by the highway patrolman who investigated the accident shows that Shaw's car was in the west lane of the highway when it was struck. Phillips was called as an adverse witness. He testified that he was traveling north on Highway 9 and that as he came over the crest of the hill about 229 feet south of the intersection, he did not slow down and did not take his foot off the accelerator until he saw Shaw enter the intersection. Mississippi Code Annotated section 8176(b) (1956) provides:
The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements.
It is clear from the facts and circumstances in this case that proof on behalf of Shaw was ample to submit to the jury the question of whether Phillips was guilty of any negligence which proximately caused or contributed to the accident.
Appellee urges that this case should be affirmed since the proof shows that Shaw was operating his vehicle while intoxicated. It is true that the highway patrolman who investigated the accident testified on cross-examination that in his opinion Shaw was intoxicated at the time he arrived on the scene to make his investigation. Shaw denied that he was intoxicated or that he had consumed any intoxicating liquor prior to the accident. He admitted that after the accident a friend who had stopped at the scene of the accident offered him a drink of liquor which he accepted to ease his pain. It is negligence to operate a vehicle while intoxicated. However, this negligence, as any negligence, must be causally related to the accident. The mere circumstance of being intoxicated at the time of the collision would not bar recovery or constitute contributory negligence. It was a question for the jury to determine whether Shaw was intoxicated at the time of the accident, and if so, *719 whether such intoxication caused or contributed to the accident.
For the reasons stated we are of the opinion that the trial court was in error when it dismissed appellant's suit, and for this reason this case is reversed and remanded.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, JONES, and BRADY, JJ., concur.