INZER, Justice:
Appellant Mrs. Pauline Stigall Davis sued the appellee, South Central Bell Telephone Company and five of its employees in the Circuit Court of Adams County seeking to recover damages for personal injuries resulting from the alleged negligence of the employees of the telephone company causing a conduit to fall and strike her. The trial court peremptorily instructed the jury to find for defendants and dismissed the suit. From this judgment Mrs. Davis appeals. We reverse and remand.
In Shaw v. Phillips, 193 So.2d 717 (Miss.1967), we stated:
The law is clear and firmly established as to the duty of the court in determining whether a peremptory instruction or a directed verdict should be granted. In Dehmer v. Hederman, 252 Miss. 839, 844, 173 So.2d 924, 925, 175 So.2d 136 (1965), we said:
It is uniformly held that in determining whether a peremptory instruction should be given the court must look solely to the testimony on behalf of the party against whom the peremptory instruction is requested, and must take that testimony as true along with all reasonable inferences which could be drawn therefrom. And even when the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not follow that a directed verdict *848 should be granted. See Meaut v. Langlinais, 240 Miss. 242, 126 So.2d 866 (1961).
(193 So.2d at 717, 718).
It is also well settled that negligence may be proven by circumstantial evidence and when the case turns on circumstantial evidence it should rarely be taken from the jury. Cameron v. Hootsell, 229 Miss. 80, 90 So.2d 195 (1956).
While this is a close case, careful review of the evidence convinces us that the trial court was in error in sustaining appellees’ motion to exclude the testimony and direct the verdict in their favor. Since this case must be retried we do not deem it necessary to detail the evidence. It is sufficient to say that it establishes that appellant was injured on June 14, 1967, when a conduit fell from the ceiling in the Armstrong Rubber Company plant striking her on the head. The testimony establishes that on this day the employees of the telephone company were at the plant to remove the telephone wires encased in the conduit. Although the conduit was installed by Armstrong, no employee of Armstrong worked with the telephone wires. They were under the exclusive control of the telephone company. When the conduit fell, at least one of the employees of the telephone company was on a ladder working. After the accident one person stated that when he pulled the wires out of the conduit, it fell. We think that the evidence and the reasonable inferences that could be drawn therefrom were sufficient to make an issue for the jury to determine whether appellees were guilty of any negligence that caused or contributed to appellant’s injury.
For the reasons stated, we are of the opinion that this case should be, and is, reversed and remanded.
Reversed and remanded.
RODGERS, P. J., and JONES, BRADY and ROBERTSON, JJ., concur.