BLASS, Justice,
for the Court:
This contract dispute was tried by a jury in the County Court of Forrest County, Mississippi on December 9 and 10, 1985. At the close of plaintiffs case, Tom Brewer *1187 moved for a directed verdict. This motion was denied. At the close of all evidence a similar motion was made and denied and the case was submitted to the jury. The jury found for the plaintiff, Paul Williams and against defendant, Tom Brewer, d/b/a Brewer and Associates and assessed damages at $15,000. A co-defendant, Royal Crown Bottling Company of Ellisville was discharged by the verdict.
Brewer filed a motion in the county court for judgment n.o.v., or, in the alternative, a new trial. Both were denied. He then appealed to the Circuit Court of Forrest County. On May 23, 1986, the circuit judge heard oral argument and took the appeal under advisement. The judgment affirming the jury verdict was issued on May 21, 1987. From this judgment, Brewer appeals, assigning the following errors:
1. Williams, the plaintiff, admitted in documents he signed and under cross examination that his contract with the defendant had been fully performed. The court erred in failing to direct a verdict for the defendant.
2. The circuit court judgment is void because the complaint stood dismissed by operation of Mississippi Supreme Court Rule 47 (now Rule 15).
Finding Brewer’s first point well taken, we reverse and render.
FACTS
Brewer and Williams entered into a contract on September 21,1982, for the sale of a soft drink vending machine route for Ten Thousand Dollars ($10,000). Brewer’s obligation was to provide ten (10) machine locations with exlusive four (4) year lease agreements and 150 cases of start-up inventory. The contract itself consisted of a document entitled “Purchase Order” and a “Location List”. Accounts at Big Yank and Hercules factories were also added to the contract.
Brewer had an arrangement with the bottling company, Royal Crown Bottling of Ellisville, to provide the vending machines at no charge, provided all inventory was purchased from that company. Before the contract in question here was signed, Brewer arranged a meeting between Williams and the officials at Royal Crown Bottling of Ellisville. Williams satisfied himself about his relationship with the bottler. After the individual location leases were signed and after his visit to the bottling plant, Williams signed the “location list” and contract. In addition, he admitted at the trial that Brewer had fully performed all of his contractual obligations in accordance with the terms of the contract.
For two and one-half years there were no complaints and Williams purchased from RC of Ellisville and RC of Ellisville provided the machines without any assistance from Brewer. Then the bottler, for reasons of its own, terminated Williams’ right to buy drinks for the machines and picked up the machines. Williams, through his attorney, wrote to Brewer demanding he “defend his contract”. Brewer did not answer the letter. Williams then sued Brewer and the bottler for breach of contract.
I.
DID THE TRIAL COURT ERR IN FAILING TO DIRECT A VERDICT FOR THE DEFENDANT, TOM BREWER?
The motion for a directed verdict at the conclusion of the plaintiff’s case, and the request for a peremptory instruction for the defendant, test the legal sufficiency of the evidence to support the verdict for the plaintiff. Miss.R.Civ.P. 50(a). Upon denial of the motion for a directed verdict at the close of all evidence, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Once a verdict is returned the court may direct the entry of judgment as if the requested directed verdict had been granted. Miss.R. Civ.P. 50(b). Whether the court should have done so here depends upon whether the evidence is insufficient as a matter of law to sustain the verdict for the plaintiff. Annot., 85 L.Ed. 155, 162 (1940).
We have examined the record and, looking solely at the evidence for the plaintiff, and all reasonable inferences which can be *1188 drawn therefrom, we find that there was not, at either time the matter was considered, any evidence which would support a verdict for the plaintiff, and that the case should not have been submitted to the jury. Miss.R.Civ.P. 50, comment; White v. Thomason, 310 So.2d 914 (Miss.1975); Ezell v. Metropolitan Ins. Co., 228 So.2d 890 (Miss.1969); Holmes v. Simon, 71 Miss. 245, 15 So. 70 (1893); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 656-7 (Miss.1975). In the case sub judice, Brewer was required to deliver ten machine locations in the form of exclusive four year contracts within thirty working days. Williams testified that Brewer not only supplied fifteen locations, but he also supplied eleven additional machine locations at Big Yank and Hercules for a total of twenty-six machine locations.
Williams apparently contends that there was implicit in this contract a requirement that Brewer provide the machines and supply of beverages for four years, but Williams did not require any evidence of an agreement between Brewer and RC of El-lisville. In fact, he met with the managers in Ellisville to satisfy himself about the matter and to establish his own contacts. Once Brewer had delivered the locations, he was finished and there was little or no contact between the parties for two and one-half years. Williams never required Brewer to act as an intermediary in his relations with RC. As stated in Delta Wild Life & F, Inc. v. Bear Kelso Plant., Inc., 281 So.2d 683, 686 (Miss.1973): “What the parties to a contract consistently do thereunder is evidence of what the contract between them required that they should do.”
We find that the County Court should have granted the directed verdict at the close of plaintiff’s case and erred in denying defendant’s motion for judgment n.o.v.
II.
WAS THE CIRCUIT COURT JUDGMENT VOID BECAUSE OF THE OPERATION OF MISSISSIPPI SUPREME COURT RULE 47?
Rule 47, in force at the time of trial is now Mississippi Supreme Court Rule 15. Rule 47 reads as follows:
If a trial judge in a civil case fails to render an opinion, ruling or finding within six months after taking such a case under advisement or deferring such ruling or finding, any party in the case may apply to the Supreme Court for a writ of mandamus to compel the trial judge to render a decision on the matter taken under advisement or deferred. Application for a writ of mandamus must be made within forty-five (45) days after the expiration of six months from the date the case was taken under advisement by the trial judge.
If the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice. ...
The history and rationale of Rule 47 is contained in Glenn v. Herring, 415 So.2d 695 (Miss.1982), as cited in Crocker v. Commercial Nat. Bank and Trust Co., 455 So.2d 1309 (Miss.1984). The purpose of Rule 47 is to:
... assure that a trial court will promptly render judgment in a case and thus terminate the litigation or trigger the appellate process. The function of the rule is reduction of delay, increase of judicial efficiency and economy and procedural safeguards for litigants.
Rule 47 only applies where the trial court has neglected to enter a judgment from which any party would have a right to appeal to this Court in due course.
The county court was the trial court and it did render a final judgment timely. Appellant Brewer appealed that judgment to the circuit court, which heard the matter as an appellate court. While we would urge circuit judges to act upon an appeal expeditiously, Rule 47 simply has no application here and the appeal did not stand dismissed by reason of the delay in the circuit court. Whether the rule should be amended is a question which we do not now address.
*1189 III.
We find no merit in Williams’ charge that there was no proper assignment of errors filed in the appeal to the Circuit Court. That court heard and ruled upon the appeal, albeit, in our judgment, erroneously.
REVERSED AND RENDERED
ROY NOBLE LEE, C.J., HAWKINS and DAN LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.