(64 South. 495.)

No. 19,910.

TARRANABENA v. CENTRAL ICE & COLD STORAGE CO., Limited.

PROFUMO v. SAME.

(Feb. 16, 1914.)

*(Syllabus by the Court.)*

DEATH (§§ 58. 75*)—NEGLIGENCE—SUFFICIENCY OF EVIDENCE—BURDEN OF PROOF.

In a suit sounding in damages, plaintiff must show fault on the part of the defendant. C. C. 2315; Act No. 71, 1884, p. 94; Act No. 120, 1908, p. 178.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78, 93, 95; Dec. Dig. §§ 58, 75.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Two actions, consolidated, for death of plaintiffs' child; one by Lena Tarranabena, wife of Angelo Profumo, the other by Angelo Profumo, both against the Central Ice & Cold Storage Company, Limited. From judgment for defendant, plaintiffs appeal. Affirmed.

Meyer S. Dreifus, of New Orleans, and Louis Goldman, of Biloxi, for appellants. James Legendre and Edward Rightor, both of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiffs, .the parents of a twenty-two month old child, sue defendant for the damages resulting to them from the death of said child, alleged to have occurred through the fault and neglect of the defendant company, or of one of its wagon drivers, for whose acts it is responsible.

There was trial before a jury, and a verdict and judgment in favor of defendant. Plaintiffs have appealed.

The suit is brought under article 2315, C. C., as amended by Act No. 71, 1884, p. 94, and by Act No. 120, 1908, p. 178.

The defenses are a general denial and alleged contributory negligence on the part of the plaintiffs, the parents of the child.

The case presents only a question of fact, as to whether the defendant was in fault or not. It is unnecessary to discuss the defense of contributory negligence.

There was but one witness to the accident, and he was called to the witness stand by plaintiffs. Defendant offered no testimony whatever. The witness who testified to the accident resulting in the death of plaintiffs' child is a practicing physician in the city of New Orleans, and his testimony was clear and direct, to the effect that the child of plaintiffs, aged twenty-two months, was walking alone in Polymnia street, with his head averted from the wagon with which he collided. This witness says that:

"He [the child] walked right into the wheel of the wagon. The wagon was on the right-hand side of the street. The child was looking at an angle away from the wagon towards the uptown side of the street. The wheel struck him. He walked right into the wheel, and the wheel carried him right around with it, and passed over his neck. I got out [of my automobile] and picked up the child and carried him upstairs, and he died almost instantaneously. * * * He [the driver] was sitting on the right-hand side—on the extreme right-hand side —driving. * * * He was seated on the seat. * * * He did not strike me as seeing it [the child]. * * * When I saw the child strike the wheel—the thing was done almost instantaneously, like that [indicating with his hand]. Before I got to it, as I saw him walk right into it, I hallooed. * * * At the time I hallooed the second time, the child had already struck the wheel, and the wheel had carried him over. * * * The child walked right into the wheel—walked right in there—a child about this high [indicating]. He walked right into the front wheel, and his neck hit."

The testimony of this physician, witness for plaintiff, is conclusive that the driver of

defendant was not at fault; and plaintiffs are bound by this testimony. It was not contradicted in any way, or even sought to be contradicted. It was corroborated in part by the testimony of the driver of the wagon, who did not see the child until after it had collided with the wagon; and he was a witness for plaintiffs also.

The jury saw the witnesses and heard the testimony, and they came to the conclusion that plaintiffs had failed to make out their case against defendant. Their finding was concurred in by the district judge.

Judgment affirmed.

PROVOSTY, J., being absent on account of illness, takes no part.