AMERICAN HEATING & PLUMBING CO. *v.* GRIMES *et al.*

(In Banc. Dec. 8, 1941.)

[4 So. (2d) 890. No. 34728.]

**Hugh F. Causey,** of Cleveland, for appellant.

**Watkins & Eager,** of Jackson, and **U. B. Parker,** of Wiggins, for appellees.

Argued orally by **Hugh F. Causey**, for appellant, and by **Elizabeth Hulen**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was the contractor for the installation of the equipment constituting the gas heating system in a new auditorium building for the Leland Consolidated School District. Among the units installed was a large Pittsburg heater located within the curtain wall on the side of the stage. This heater was a heavy cast-iron instrumentality finished with aluminum bronze, and its dimensions were approximately 3⅓ feet high, 28 inches wide and 31 inches deep. The proof is to the effect that in installing such a heater within a wall the heater must be insulated from the wall by noncombustible material between the heater and any combustible material in the wall or else there shall be no combustible material in the wall nearer the heater than say six inches at least, and if one or the other of these precautions is not taken fire will probably be communicated from the heater to the wall.

The contract for the construction of the building was held by another concern which we will call the construction company. When the construction company had proceeded with its work to the extent that the outside walls had been erected, the roof put on, the first or rough flooring laid, and the studding had been placed in the

curtain walls, appellant sent its foreman to install the gas pipes and also the heaters in the curtain walls. Appellant's employee found that the upright studs in the curtain walls then fastened in place were of pine wood each 2 x 6 and were 16 inches apart. In the wall where the heater was placed which caused the fire for which this suit was brought, appellant's employee removed one of the studs, leaving thereby at that point a space between the studs of approximately 32 inches; and in this space appellant swung the heater, suspending it by pipes or rods fastened from above, with the result that the sides of the heater were each within about 2 inches of the wooden studs.

When this had been done, the construction company proceeded to the completion of the curtain walls which was done by plaster laid on wooden laths. In this process the wooden laths were brought even nearer to the heater than the two inches last above mentioned. No noncombustible insulation between the heater and the combustible material in the wall was installed either by appellant or any other person. The result, as should have been well known and anticipated by appellant, was that when the heaters were put into operation and on the first occasion when they had operated for any considerable period of time, fire from the particular heater mentioned was communicated to the combustible material in the curtain wall, causing the damage for which appellees recovered in the trial court.

Appellant has interposed several defenses, first among which is the contention that it did not place the studs or the wooden laths in the close and dangerous proximity to the heater as has been above stated but that this was done by the construction company for which that company alone should be liable; and appellant says in effect that although it left the heater swung in the wall within about 2 inches of the wooden studs on each side of the heater, it was the duty of the construction company to remove these studs and to replace them at a safe distance

from the heater, and that in the plastering the construction company should have used metal laths, not the wooden laths which were actually used.

The construction company is not a party to the suit and we have no occasion to express any opinion whether it had any liability in the premises. But the further facts are that after the wall had been completed by the construction company and when appellant's foreman was in the building doing some further work in the performance of its contract the attention of appellant was called to the fact that the curtain wall at and around the heater had been completed by the construction company in the manner aforementioned and appellant's foreman was asked the direct question by the superintendent in charge for the trustees of the school whether the stated proximity to the heater of the uninsulated combustible materials did not make it dangerous and appellant's foreman then and there assured the superintendent that the installation as it then existed was entirely safe, that the fan which was a part of the heater would keep the sides of the heater cool to such an extent that there would be no danger.

One who for a valuable consideration installs a dangerous instrumentality, of which a gas heater is an example, is in such installation charged by law (1) with knowledge of the particular dangers characteristic of the instrumentality and of the manner and means by which the danger or dangers are likely to eventuate into actual harm, and (2) with the duty to use that degree of care which is commensurate with the danger, to guard or insulate against it. Such a rule has its roots in an impelling necessity in the promotion of the safety and security of life and property—it has its foundation in the essence of the social compact.

And as a corollary of what has just been said, when the installation is in a structure which, in the main, is being erected by another contractor, and the work done or being done by the other contractor about or near the heater is

such as to make the situation of the heater dangerous, the party who has the contract for the installation of the heater must inform the owner that the work as done or being done by the other contractor will cause the heater to become dangerous and likely to set fire to the structure, thereby forewarning the owner so that he may have the dangers created by the other contractor removed or remedied; and in the event the installer of the heater fails so to forewarn he will be liable for the consequent damage to the same extent as if he had himself done the work which brought about the dangerous situation. A fortiori, the installer of such an instrumentality is subject to liability if by word or deed he leads those who are to use the instrumentality to believe it to be of a character, or in a condition or situation safer than he knows it to be. A. L. I. Rest. Torts, Sec. 388, Comment b, p. 1040. Among the several cases on this point is Jaeger v. Elizabethtown Consol. Gas. Co., 124 N. J. L. 420, 11 A. (2d) 746.

It may be that an exception is to be made in what is said in the next foregoing paragraph, namely, that if the danger created by the other contractor is known to the owner and is well understood by him as one obviously likely to produce harm and so much so that a warning to him would have been but an idle ceremony and of no service to the owner, then the failure to warn may be excluded as a proximate or contributing cause; but there is no such case here, and we have therefore no occasion to pronounce upon the suggested exception.

The record in this case embraces six volumes, the briefs more than 300 printed pages. Numerous points, offensive and defensive, have been made and argued. To follow out each of these or even the most of them would require an opinion of an excessive length. We have stated the leading facts and the more important of the principles particularly applicable thereto, and we shall not pursue the discussion further than to add that every contention has been carefully examined and we find no reversible error.

Affirmed.