PONDER, Justice.
 

 The plaintiff, Grady Jones, brought suit against the defendant, Alfred R. Blossman, seeking to recover $5,600 in damages. The trial court gave judgment in favor of the plaintiff for this amount, and the defendant has appealed.
 

 After a careful review of the record in this case and the' written reasons handed down by the trial judge, we find that he has correctly stated the purpose of the suit, the facts reflected by the record, and the law applicable thereto.
 

 The suit presents only questions of fact. It is well settled that this Court will not disturb the judgment of a trial court on questions of fact except where the findings are manifestly erroneous. The arguments advanced on the appeal and the briefs in support thereof have not convinced us that the lower court erred in its findings. The written reasons of the trial judge so aptly dispose of the cause that we have decided to adopt them as the opinion of this Court, viz.:
 

 “The plaintiff, Grady Jones, brings this suit in damages against the defendant, Alfred R. Blossman, as a result of an alleged fire from the explosion of a water heater which destroyed his home and the contents thereof in July, 1942.
 

 “The facts in this case show that during the early part of 1940 this plaintiff purchased from the defendant a butane water heater which was set up and installed. The first installation consisted of the water heater being placed on a porch, but sometime thereafter the plaintiff remodeled his' house and constructed therein a small closet measuring two and one-half by three by ten feet (2% x 3 x 10'), and in the latter part of 1941 the defendant installed the heater in this closet. At the time the heater was installed the • closet was not complete, and it had no door, but subsequent to the installation the door was placed on the closet and the defendant instructed the plaintiff to leave this door open.
 

 
 *533
 
 . “On July 31, 1942, Mrs. Jones went to her clothes closet, which was adjacent to the closet containing the water heater, for the purpose of obtaining some clothes. In order for her to open the door to the clothes closet it was necessary to close the door to the closet containing the heater and this she did. She remained in the clothes closet for a period of some ten minutes and immediately thereafter closed the door to the clothes closet and opened the door to the closet containing the water heater. As soon as she did this an explosion occurred in the closet containing the water heater and fire immediately emanated therefrom causing the destruction of the plaintiff’s home and its contents. Plaintiff alleges that the defendant was guilty of negligence in installing the water heater in this small closet without any outlets, passages or openings other than a vent running from the heater to the outside of the house. He further alleges that the gas which was furnished by the defendant and used in the said heater unmistakably escaped through some defect in the heater, or the pipes connected therewith within the compartment, and this closure was instantly ignited by the pilot light the moment plaintiff’s wife pulled the door of the compartment open.
 

 “The defendant denied that the hot water heater was defective in any manner and further denied that it was installed in an improper manner, or an improper place, and in the alternative averred that should the Court find otherwise, that plaintiff had full knowledge, or was in part the cause thereof for plaintiff provided and directed the place where said heater should be installed. Defendant further contends that should the Court find that he was guilty of negligence and that such negligence was the proximate cause of damage claimed by plaintiff, then, that the plaintiff assumed the risk attendant upon operation of said heater after purchased and installed and was, therefore, guilty of contributory negligence under the. circumstances.
 

 “The evidence in this case was not only that the defendant sold and installed this water heater to the plaintiff, but that he also serviced this heater, as well as the other gas appliances in the plaintiff’s home. Consequently, when the defendant installed this gas heater he was installing a dangerous instrumentality and he is, by law, charged with knowledge of the particular dangers characteristic to such an instrumentality and he is particularly charged with the duties to use that degree of care which is commensurate with the danger. See American Heating & Plumbing Co. v. Grimes, 192 Miss. 125, 4 So.2d 890.
 

 “The room in which this heater was installed was two and one-half by three by ten feet (2% x 3 x 10'), and I am satisfied after reading the testimony in the record that this small closet was practically air tight. I am further satisfied that after the heater was installed the defendant told the plaintiff to keep the door open to this closet. The only outlet from this closet with the door closed was the vent pipe and I am satisfied that this vent pipe with its outlet close to the eaves of the house was not sufficient to prevent the impounding of gas within this small closet with the door closed. Therefore, I am of the opinion that
 
 *535
 
 if this defendant had used the degree of care which the occasion demanded he would have cut holes or outlets in the floor, or the door of said closet. This he did not do and, therefore, it is my opinion that he was guilty of negligence and I am further of the opinion that when this closet door was closed the oxygen in said closet was soon exhausted, thereby causing an accumulation of unburned gas which exploded and caused the fire.
 

 “Section 38, Page 15, of Pamphlet No. 54, of the National Board of Fire Underwriters, marked “D-6”, provides in part as follows:
 

 “ ‘(a) Water heaters shall not be installed in bathrooms, bedrooms, or in any occupied rooms normally kept closed.”
 

 “On the inside cover of this Pamphlet it is provided as follows:
 

 “Tn these regulations those provisions which are considered essential for adequate protection of life and property from fire are indicated by the words “shall” and “must.”'
 

 “This pamphlet was in effect at the time this heater was installed and it not only provides a prohibition against installing water heaters in rooms kept closed, but points out that the prohibition is necessary for adequate protection of life and property from fire.
 

 “In the case of Tietke v. Forrest, 64 Cal.App. 364, 221 P. 681, 682, the Court said: ‘If, as was testified, the stove was placed so near wall that proper ventilation was rendered impossible, and this prevented secondary air to enter, causing gas to accumulate, float, and explode, and there were not sufficient holes in the bottom, which contributed to the same difficulty, [defendant], while engaged in installing'an instrument consuming a dangerous substance such as fuel gas, would be presumed to know what adjustments were proper and expected to make them.’
 

 “The defendant contends he did not install this heater in an improper place or in an improper manner, and that if the Court should so find, then the plaintiff had full knowledge and was, in part, the cause thereof as he furnished the place for installation and knew the manner thereof. While it is true the plaintiff had this small closet built, yet, the evidence shows that he did so after he was informed by the defendant that it would be perfectly safe to install the heater in such a closet. The plaintiff herein was not versed in the manner of installation of heaters and did not know of the precautions that were necessary to be taken, but relied entirely on the advice and suggestions made by the defendant herein. For these reasons I am of the opinion that the plaintiff was guilty of no negligence in the premises.
 

 “The plaintiff herein has sued for the recovery of $4,600, as damages to his home, and $4,000, damages to his furniture, subject to credit of $2,000 on damages to his home and $1,000 on damages to his furniture, which was paid by the Insurance Company. Consequently, he seeks the recovery of $2,600 damages to his home and $3,000 damages to his furniture: Testi
 
 *537
 
 mony in this record shows that the plaintiff has proven these items of damage with legal certainty and, accordingly, they will be allowed.”
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.