TOLER *v.* OWENS

No. 40556        October 28, 1957        97 So. 2d 728

*J. Robertshaw,* Greenville, for appellant.

*John C. Webb, Holland O. Felts,* Greenville, for appellee.

ETHRIDGE, J.

This suit originated in the County Court of Washington County, where Dr. Q. Leon Toler, appellant, sued appellee, John Owens, doing business as Owens Plumbing Company, for damages resulting from the defendant's alleged negligence in installing a floor furnace in plaintiff's residence. The jury's verdict for defendant was affirmed by the circuit court.

About two and one-half hours after the furnace was installed and placed in operation, it began smoking and set on fire some of the timbers under the house, requiring repairs totalling $811.44. Whether the fire was caused by defendant's negligence in installation of the unit was a question of fact for the jury. Plaintiff purchased the furnace from a seller other than defendant, and arranged for Owens to install it. He had previously advised Toler that the new furnace was not as good as the one already in place, but he was directed to install it in the same position occupied by the old one. After installation, he checked it and the thermostat, and they appeared to be working all right. The fire occurred later in the afternoon.

█ █ Plaintiff charged that defendant was negligent by improperly and loosely attaching to the furnace the vent and the heat deflector, and in the violation of the City of Greenville ordinance in the installation. The

testimony for defendant made these issues and that concerning connection of the gas pipes questions of fact for the jury to decide. ██ ██ Its verdict for defendant is amply supported by the evidence. Plaintiff did not request an instruction to the effect that a gas heater is a dangerous instrumentality requiring a degree of care commensurate with that danger, so we are not concerned here with that problem, although the evidence in this case would still make liability an issue of fact. Hadad v. Booth, 82 So. 2d 639 (Miss. 1955); American Heating and Plumbing Co. v. Grimes, 192 Miss. 125, 4 So. 2d 890 (1941). Moreover, the motion for a new trial did not allege that the verdict was against the great weight of the evidence, so, even if it were, we could not remand the case for a new trial.

██ ██ Dr. Toler did not testify in chief, but he was called as an adverse witness by the defendant. He stated that he did not think that Owens should have to pay for the damage, that "they said it was defects in the heater". Counsel for plaintiff then undertook to impeach his client, Dr. Toler, the plaintiff, and began by asking, "You are not the real party at interest in this lawsuit . . ." Upon objection by defendant, the jury retired. Plaintiff's counsel stated that he wanted to show that Toler was not the real party in interest, since two insurance companies had paid him for the damages, the claim had been assigned to them, and they were subrogated to his rights. Defendant objected on the ground that this line of questioning was entirely contrary to the pleadings and the whole theory of the suit, and was an attempt by plaintiff's counsel to contradict his own client. This objection was sustained. We think that the trial court was correct in doing this.

██ ██ Under Code of 1942, Section 1448, the assignee of a chose in action may sue in his own name, or in the name of the original party, the assignor, and the court may allow the assignee, "upon his application there-

for, to be substituted as a party plaintiff in said action''. By bringing the suit in the name of the assignor, the assignees elected to proceed in that manner. Nor did they ask for permission to amend the declaration, as authorized by the statute, so as to substitute the assignees as parties plaintiff. Plaintiff's counsel, by attempting to ·impeach the plaintiff himself and to show that he had no interest in the chose in action, were attempting to change the entire theory of their lawsuit, without amending the declaration. The court properly sustained defendant's objection to this line of interrogation. The rule against a material departure in pleading is imperative to prevent an entire change of the foundation of the cause of action and a material change in the position taken by the plaintiff in his pleadings, in the absence of an amendment thereto. 41 Am. Jur., Pleading, Secs. 184, et seq. Moreover, it is difficult to see how the sustaining of such objection, even if it had been error, would have been prejudicial to the assignees. At any rate, without application for an amendment to the pleadings, the objection was properly sustained, as an attempt to change the entire theory and basis of the lawsuit in the absence of an amendment to conform thereto. Cf Bradshaw v. Stieffel, 92 So. 2d 565 (Miss. 1957).

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.