TATE, Judge.
On September 21, 1959 the plaintiff’s 16- ■ month old son was burned in the bathroom of his rented home. The fire resulted from-. *441 the ignition of the natural gas used to service the heating appliances of the household. Plaintiff brings this suit to recover for his son’s personal injuries. Made defendants .are: the owner of the leased premises (“Reid”); the utility company supplying ;gas to the premises (“United Gas”); and the latter’s liability insurer.
The plaintiff appeals from the dismissal, ■■after trial, of his suit.
The plaintiff contends that the cause of the bathroom explosion and fire was a defect in the hot water heater located in the bathroom, which permitted gas to escape ■and to accumulate in the bathroom. Reid, .as the owner and lessor, is charged with liability for this alleged defect of the leased •premises. United Gas is charged with ■negligence in that, allegedly, its service representative turned on the gas meter just before plaintiff moved into the house five days before the fire, without first •checking, according to its rules, to prevent the gas being turned on through leaking or defective appliances.
To recover, the plaintiffs must first show by a preponderance of the evidence that any defects of the heater caused or contributed to the fire in which the plaintiff’s little boy was burned. See, e. g., Dunn v. Tedesco, 235 La. 679, 105 So.2d 264. The trial court held that the plaintiff had not sustained this burden. We affirm such holding.
In urging that the defective hot water heater caused the fire, the plaintiff’s able counsel relies upon evidence that the heater’s gas burner would continue to emit gas •even if the pilot light was extinguished. The plaintiff’s theory is that the pilot was extinguished through a back-draft of wind down the vent, as a result of which the burner continued to emit gas, which through the back draft accumulated in the room and resulted in an explosion when the plaintiff’s little boy opened the bathroom door to go wash his hands.
The preponderance of the expert testimony proves that, so long as the pilot was lit, all gas released into the heater through the burner would be burned up, and no excess gas could escape. The preponderance of the evidence in the record further indicates that the source of the gas causing the fire was from an uncapped floor outlet, which must have been turned on immediately prior to the fire by a member of the plaintiff’s family, and that this escaping gas must have been ignited by the still-lighted water heater pilot or burner; and thus that the alleged defect of the heater had no causal relationship with the fire in which the plaintiff’s little boy was burned.
As the trial court stated in its oral reasons for judgment:
“The evidence reveals that an uncapped gas opening existed in this small bathroom near the bathtub and wash basin. Plaintiff testified that he placed the small ‘potty’ chair partially over this outlet to keep the three children from tampering with the valve which would emit gas into the room. The mother washed the children in the bathroom shortly before the accident. [Neither she nor the plaintiff father smelt escaping gas at this time.] The plaintiff testified that he later sent the small child into the bathroom to wash his hands. The child was in there only a short time before the flash fire occurred.
“The Fire Chief of the City of Sulphur, who arrived at the scene of the accident a short time after the fire, testified that he found the valve on the uncapped gas outlet partially open. He and his assistant testified that, after examination of the fire damage, it was their opinion that the fire was caused by gas escaping from the partially open gas outlet. Furthermore, there had to be a flame in the bathroom to ignite any accumulated gas, and this must have been the flame burning in the heating elements of the hot water heater since there was no other evidence of any other flame in the room. * * * ”
*442 The uncapped gas outlet was placed so that a floor heater could be connected therewith. (The plaintiff had not connected his floor heater prior to the fire because he did not have the requisite copper tubing, although subsequent to the fire he did connect his heater to the outlet.) As stated, the clear preponderance of the evidence indicates that the source of the loose gas causing the explosion and fire was from the opening of this gas outlet rather than from any defect in the water heater; such outlet was apparently turned on shortly before the accident, either by the small boy when he was sent to the bathroom or else unintentionally through the moving of the potty chair against the valve when the three children were being washed less than a half hour before the fire.
Under these circumstances, the landlord-owner is not liable, nor is any negligence contributing to the accident shown on the part of the employees of United Gas. The trial court correctly dismissed the plaintiff’s suit.
On appeal, the plaintiff’s able counsel further contends that the owner-lessor is liable because, in violation of safety regulations of the National Board of Fire Underwriters, the water heater was installed in the small closed bathroom. Counsel relies upon Jones v. Blossman, 209 La. 530, 25 So.2d 85 and Gaida v. Hourgettes, La. App.Orl., 67 So.2d 737.
In the cited cases, the plaintiffs alleged and proved that the violation of the safety regulations in question were in effect at the time of the installation of the appliances and had a causal connection with the damaging fires in question. In the present case, however, the plaintiff alleged only that the fire was caused by the defective mechanism of the water heater, and evidence as to its alleged improper installation was excluded by the defendants’ obj ection as being beyond the allegations of the petition. Tr. 181, 290. (Besides, the clear preponderance of the evidence that the escaping gas came from another source than the heater, and that the flames of the heater were still lit at the time of the explosion, proves that the present fire and explosion was not causally related with the alleged violation of the safety regulation. The shown purpose of the regulation is to prevent the accumulation of gas escaping from a water heater within a small enclosed area, which would increase the possibility of explosion or asphyxiation, especially since the flame of the heater may consume all the oxygen in the closed room and thus extinguish itself and possibly permit the accumulation of unburned gas in the room. Tr. 289.)
Plaintiff’s counsel further contends that the trial court improperly excluded certain evidence, being: (a), as irrelevant and immaterial, a weather bureau report apparently introduced in connection with the theory of a windy back-draft extinguishing the pilot, Tr. 226; and (b), as irrelevant and too remote, the testimony of a former tenant to the effect that the water heater repeatedly went out, Tr. 189, 226, 239, 328, 342-3.
We incline to the view that the defendants’ objections to such evidence went really to its weight rather than to its admissibility, and that therefore such objections should have been overruled and the evidence admitted. However, such errors were not so prejudicial as to require a remand. Such evidence was cumulative as to the defective nature of the heater being a cause of the fire, and, even accepting the tender of it most favorably to the plaintiff, the preponderance of the evidence nevertheless clearly excludes the defect in the heater as a cause of the fire and clearly points to gas from another outlet as the fire’s source.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is affirmed.
Affirmed.