GULOTTA, Judge.
The plaintiff-appellant filed this suit against the defendant, Insurance Company of North America a,nd its insured, F. T. Cantelli, endeavoring to recover damages for the wrongful death of four children and injury to another which plaintiff asserts were incurred as a result of the negligence of the defendant in failing to provide fire extinguishers, the absence of which caused the injury and death to the children.
Defendants filed an exception of no right of action. This exception was maintained insofar as the wrongful death claim of the plaintiff is concerned for the reason that the four deceased children were not the legitimate offspring of petitioner. Defendants also filed an exception of no cause of action as to the claim for personal injuries sustained by Corliss Gibson, alleging that petitioner lacked capacity to sue. After petitioner, Joy Gwendolyn Jackson, obtained a judgment decreeing her natural tutrix of the minor, Corliss Gibson, she filed a supplemental and amended petition directing her claim against defendants in her capacity as natural tutrix. Defendants answered the supplemental and amended petition and denied the allegations of negligence and in the alternative asserted that the petitioner was guilty of contributory negligence and assumption of risk.
Fon0wing a trial on the merits, judgment was rendered in favor of the defend-atdS) and fr0m that judgment plaintiff has prosecuted this appeal.
The record discloses that the accident occurred on March 29, 1964 at approximately 1:00 a. m. when a fire swept the apartment house owned by defendant Can-telli at 1724 Terpischore Street in the City of New Orleans. Evidence indicates that the blaze originated when children were playing with matches in Apartment No. 1 which apartment adjoined Apartment No. 2 wherein the lessee, Louis Jackson, was living with plaintiff and her five children. At the time of the fire the five children were present in Apartment No. 2. Testimony reveals that petitioner and Louis Jackson were absent from the building at the time of the fire and that they had locked the children in the apartment and had left them without adult supervision. The oldest of the five children was six years of age. The four deceased children suffocated when smoke and fumes filled the apartment. The surviving child, Cor-liss Gibson, managed to escape the locked apartment in an undetermined manner. She sustained only minor burns. There were no fire extinguishers in the building.
As a result of the accident, petitioner was charged with criminal neglect.
The question presented for our determination is whether defendant Cantelli was guilty of negligence which was the proximate cause of the injuries sustained by Corliss Gibson.
Appellant argues that Cantelli should be held liable because his failure to supply fire extinguishers constituted negligence and was a violation of the Fire Prevention Ordinance 770 M.C.S. Although there is testimony to the effect that if an investigation of the building had been *306 made by fire prevention officials fire extinguishers would have been required, there is no record of any such investigation. Under the terms of the Fire Prevention Code article 16:02, fire prevention equipment is not required unless ordered after an investigation of the premises. There is no record of any investigation or any order directed to Mr. Cantelli by fire prevention officials concerning installation of fire extinguishers. Therefore, we are compelled to conclude that Mr. Cantelli’s failure to supply such equipment did not constitute a violation of the ordinance.
Appellant also argues that defendant should be held liable under standard No. 315 of the National Board of Fire Underwriters which requires fire extinguishers every 100 feet in such a building. Appellant cites the cases of Gaida v. Hourgettes, La.App., 67 So.2d 737, involving an un-vented gas heater, and Jones v. Blossman, 209 La. 530, 25 So.2d 85, involving the explosion of a water heater, as instances in which courts have held landlords to safety standards set out by the Fire Underwriters pamphlet, even though such standards are not incorporated into local ordinances.
However, assuming that such a standard does apply and assuming that there was a violation of such a standard rendering Mr. Cantelli negligent, plaintiff-appellant bears the burden of proving by a preponderance of evidence that such violation constituted the proximate cause of injury to Corliss before liability can attach.
Appellant argues hypothetically that if there had been fire extinguishers in the building, that the fire may have been extinguished by other tenants, and that Corliss may have escaped injury.
“The Courts of this State have many times declared that probabilities, surmises, speculations and conjectures can not be accepted as sufficient grounds to justify recovery to a plaintiff who is charged with the burden of proof”, Lambert v. State Farm Mutual Automobile Insurance Company, La.App., 184 So.2d 107, 111; Crier v. Marquette Casualty Company, La.App., 159 So.2d 26; McCain v. Pan-American Petroleum Corporation, La.App., 142 So. 376.
Many years and hundreds of decisions have well established the rule of law under which liability may attach. For a plaintiff to recover the burden of proof is upon him to show as a fact by a preponderance of the evidence that the defendant was guilty of some act or failed to take an act which he should have taken and which would have prevented the damages. See Tarra-nabena v. Central Ice & Cold Storage Co., 134 La. 637, 64 So. 495.
There is no evidence whatever that the existence of a fire extinguisher in the building would have prevented the injury. And there is no evidence whatsoever that the defendant herein was guilty of any act of commission or omission which in any way contributed to causing the fire.
 Appellant also argues that Mr. Cantelli as lessor should be held strictly liable under LSA-C.C. 670, 2322 for injuries sustained by Corliss as a result of alleged defective condition of the leased premises in that construction of hazardous stairways was of such a nature as to be conducive to the spread of the fire. However, before a lessor can be held liable for injuries incurred as a result of alleged defective premises, petitioner must prove that such alleged defects constituted the proximate cause of the injury, Dunn v. Tedesco, 235 La. 679, 105 So.2d 264. There is no proof in the instant case that the injury was caused by any vice or defect in the leased premises. In the absence of such proof no liability can attach under these articles, Davilla v. Richardson, La.App., 120 So.2d 293.
For the reasons assigned, the judgment of the district court dismissing this suit against defendant is affirmed.
Affirmed.