291 So.2d 472 (1974)
POLICE JURY, PARISH OF CATAHOULA, Plaintiff-Appellee,
v.
Pauline BRIGGS and Nora B. Anderson, Defendants-Appellants.
No. 4439.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
*473 William G. Avery, Jonesville, for defendants-appellants.
George Griffing, Asst. Dist. Atty., Jonesville, for plaintiff-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
This is a suit for a permanent injunction involving the question of whether a road has become public. Plaintiff is the Police Jury, Parish of Catahoula, which is the governing body of that parish. The defendants are Pauline Briggs and her daughter, Nora B. Anderson. In plaintiff's petition Pauline Briggs is identified as owner of the property in question and her daughter, Nora B. Anderson, is named as her agent. However, Mrs. Anderson testified that she owned an interest in the property along with her mother, her brother and a niece.
Plaintiff alleged in its petition that Mrs. Briggs owns a 34.5 acre tract of land in Catahoula Parish, that a public road traverses the property and connects land owned by A. V. Parker with a gravel public road running parallel to Black River; that the road has been maintained for a period of more than three years by plaintiff, that Nora B. Anderson constructed a fence across the road preventing the public from traveling on it; that she was acting as agent and attorney-in-fact for Pauline Briggs pursuant to a power of attorney recorded in the public records of the parish, that the road was closed without permission or consent of plaintiff and that irreparable injury would result from the continued closure of the road.
Plaintiff prayed therefore for a temporary restraining order, without hearing, and, after hearing, for a preliminary injunction and a permanent injunction against the defendants prohibiting them from closing or obstructing the road.
In due course, an order was entered temporarily restraining defendants from closing or obstructing the road in question and authorizing the sheriff to remove any fence or fences across it.
The matter was fixed for hearing, the parties stipulating that the hearing would relate to both preliminary and permanent injunctions. After trial, a permanent injunction was entered against the defendants.
From the judgment ordering the permanent injunction, defendants appeal.
On trial the evidence indicated that the road, some 410 feet in length, had been cut across defendants' property to connect a *474 one-acre tract of A. V. Parker to the gravel road adjacent to Black River. Parker is the son-in-law of the former member of the Police Jury, Moody Tradewell, who testified that the road was built by the Police Jury machinery. Although disputed, there was some evidence of another party living on the road. The road appears, from pictures in the record, to be dirt but there was testimony that some gravel had been placed on it by the Police Jury in the past. Considerable evidence was taken on the subject of maintenance which is decisive under the statute.
The Police Jury contends that the road falls under LSA-R.S. 48:491, which reads as follows:
All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities. As amended Acts 1954, No. 639, § 1.
Appellants have not stated a specification of errors relied upon as required by Rule 9, Section 3, of the Uniform Rules, Courts of Appeal, but the principal thrust of appellants' argument is that the passage across defendants' property was not maintained as a public road and comprised merely a driveway.
The principal issue of the litigation, therefore, is primarily factual, that is, whether the Police Jury has ". . . kept up, maintained or worked for a period of three years . . ." the road in question? The trial judge, after hearing the witnesses presented by both sides, concluded that the parish had maintained the road for a period in excess of three years. The judgment of a trial court on questions of fact is not to be disturbed on appeal except where the findings are manifestly erroneous. Jones v. Blossman, 209 La. 530, 25 So.2d 85 (1946). "This is a venerable rule of law in Louisiana." Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 at 278 (1964). After reviewing the record, we find no manifest error in the conclusion of the trial court.
In the testimony of Moody Tradewell, a member of the Police Jury from 1956 until 1968; William E. Paulk (whose name is misspelled in the transcript as Polk), a member of the Police Jury from 1968 until 1972; Roscoe White, a Police Juror and former employee of the Jury; H. L. Bougton, current president of the Police Jury; and Jimmy Book, an employee of the Police Jury for several years, there is ample evidence that the road has been maintained by the public body. The maintenance, according to the testimony of these witnesses, has continued for a period of at least twelve years. Tradewell indicated that the maintenance included "Culverts, gravel, grader work." (TR. 16). Two of the witnesses, White and Book, testified that they personally operated the machine which graded the road periodically over an extended period of time.
The jurisprudence is clear that token maintenance or a mere brushing up is not sufficient to make private roads public by virtue of LSA-R.S. 48:491. Chargois v. St. Julien, 280 So.2d 847 (La.App. 3 Cir. 1973).
However, in the present case, the trial judge found, and we find no manifest error in his conclusion, that the road has been maintained by the Police Jury, over a period greatly in excess of three years. *475 Under the jurisprudence, this would meet the requirements of the statute. Latour v. Dupuis, 164 So.2d 620 (La.App. 3 Cir. 1964); Foshee v. Longino, 236 So.2d 870 (La.App. 3 Cir. 1970).
For the foregoing reasons, we conclude that the judgment of the trial court should be affirmed.
Costs of the appeal are taxed against the appellants.
Affirmed.